# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JUSTIN L. SUTTON, as PERSONAL REPRESENTATIVE of THE ESTATE OF HARTWELL LANIER KING, SR., and BETTY K. SUTTON, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>ROCKINGHAM COUNTY, THE TRAVELER'S INDEMNITY COMPANY, and TAYLOR CARTER, PAUL HIGGINS, CHASITY WALL, and UNNAMED ROCKINGHAM COUNTY SHERIFF'S DEPUTY,<br>In their Individual Capacity, Jointly, and Severally,<br><br>Defendants. | Case No. 21-cv-00095<br><br>**COMPLAINT & DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME, Plaintiffs, JUSTIN L. SUTTON, as Personal Representative of The

Estate of Hartwell Lanier King, Sr., and BETTY K. SUTTON, Individually, by and

1

through, JUSTIN L. SUTTON, ATTORNEY AT LAW, in the Complaint and Demand for Jury Trial against the above-named and unnamed Defendants, hereby state as follows:

## JURISDICTION AND VENUE

1. This action arises under the Fourteenth Amendment to the United States Constitution, the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the statutes of the State of North Carolina, specifically N.C. Gen. Stat. §28A-18-2.

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 1343(a)(4) and 42 U.S.C § 1983.

3. The actions alleged in this Complaint took place within Rockingham County, North Carolina, and as such, jurisdiction lies in the United States District Court for the Middle District of North Carolina.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (d).

5. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars, excluding interests, costs, and attorney fees.

## PARTIES

6. At all times relevant to this lawsuit, Plaintiff, JUSTIN L. SUTTON, is the duly appointed Personal Representative of The Estate of Hartwell Lanier King, Sr., by the Rockingham County Clerk of Court, Estates Division, and is authorized to bring this action on behalf of the decedent, Hartwell Lanier King, Sr., (hereinafter referred to as "Mr. King") a resident of Rockingham County, North Carolina at the time of decedent's death, as per N.C. Gen. Stat. §28A-18-2, the North Carolina death

2

by wrongful act of another statute. Exhibit 1.

7. At all times relevant to this lawsuit, Plaintiff, BETTY K. SUTTON, Individually, as the daughter and attorney-in-fact of record at the time of Mr. King's death, is authorized to bring this action and maintains an interest in this lawsuit by means of specific contractual rights vested through a power of attorney instrument, and by having such contractual rights abridged by the named and unnamed Defendants prior to Mr. King's death.

8. At all times relevant hereto, Defendant, ROCKINGHAM COUNTY, was and is a county government entity, duly organized in carrying on governmental functions in the State of North Carolina, and one of the functions was to organize, operate, staff, train, and supervise its first responders, paramedics, law enforcement personnel, and emergency medical technicians.

9. At all times relevant hereto, Defendant, THE TRAVELER'S INDEMNITY COMPANY, doing business in the State of North Carolina, is the indemnity insurance carrier for county government entity, ROCKINGHAM COUNTY, and a party united in interest, by which governmental and sovereign immunity is waived by means of this contractual relationship and duty to indemnify ROCKINGHAM COUNTY under covered loss events.

10. Upon information and belief, at all times relevant hereto, Defendant, TAYLOR CARTER, (hereinafter referred to as "CARTER") is a citizen of the State of North Carolina and was acting under the color of state law within the course and scope

of his employment as an emergency medical technician/paramedic for the Rockingham County Department of Emergency Services.

11. Upon information and belief, at all times relevant hereto, Defendant, PAUL HIGGINS, (hereinafter referred to as "HIGGINS") is a citizen of the State of North Carolina and was acting under the color of state law within the course and scope of his employment as an emergency medical technician/paramedic for the Rockingham County Department of Emergency Services.

12. Upon information and belief, at all times relevant hereto, Defendant, CHASITY WALL, (hereinafter referred to as "WALL") is a citizen of the State of North Carolina and was acting under the color of state law within the course and scope of her employment as an emergency medical technician/paramedic for the Rockingham County Department of Emergency Services.

13. Upon information and belief, at all times relevant hereto, Defendant, an UNNAMED ROCKINGHAM COUNTY SHERIFF'S DEPUTY, (hereinafter referred to as "UNNAMED DEFENDANT") is a citizen of the State of North Carolina and was acting under the color of state law within the course and scope of his employment as a deputy sheriff for the Rockingham County Sheriff's Office.

## STATEMENT OF FACTS

14. Plaintiffs hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

15. On Saturday, October 3, 2020, at approximately 10:37 a.m., a home health aide employed by Royalty Adult & Pediatric Home Care (412 N. Van Buren Road,

4

Eden, NC 27288) summoned a Rockingham County Emergency Medical Services unit, (hereinafter "EMS') to the residence of Mr. Hartwell Lanier King, Sr. (210 McWalker Road, Reidsville, NC 27320) for emergency medical aid as a result of Mr. King's severe respiratory distress and abnormal breathing (30 breaths per minute), elevated heart rate (120 beats per minute), high grade fever (102 degrees Fahrenheit), severe dehydration, and inability to consume solid foods and liquids.

16. Mr. King was an elderly quadriplegic of seventeen years confined to a single adjustable lift bed, and thus lacked the capacity to make decisions concerning his routine daily healthcare, safety, wellbeing, upkeep, and maintenance.

17. Under a power-of-attorney (POA) instrument on file with the Rockingham County Register of Deeds Office (Deed Book 1495, Page 365) as of September 2, 2015, Mr. King's daughter and attorney-in-fact, Dr. Betty K. Sutton (hereinafter referred to as "Dr. Sutton"), pleaded with the EMS unit (CARTER, HIGGINS, and WALL) and Rockingham County sheriff's deputy (UNNAMED DEFENDANT) dispatched that day, Saturday, October 3, 2020, to take swift and responsive medical action by transporting Mr. King to the nearest emergency room facility (Cone Emergency Room, Annie Penn Hospital, Reidsville, NC) in order to preserve Mr. King's life and prevent further imminent and life threatening deterioration.

18. Upon information and belief, the Rockingham County EMS unit (CARTER, HIGGINS, and WALL) and Rockingham County sheriff's deputy (UNNAMED DEFENDANT) disregarded the effect and enforceability of this POA instrument

by refusing to acknowledge Dr. Sutton's plea for the emergency medical transportation of Mr. King.

19. Upon information and belief, the Rockingham County EMS unit (CARTER, HIGGINS, and WALL) and Rockingham County sheriff's deputy (UNNAMED DEFENDANT) deemed Mr. King's transportation to the emergency room facility that day as tantamount to "kidnapping," and thus refused to transfer Mr. King out of fear and reprisal that such action would result in the termination of their employment with Rockingham County.

20. Per Section 8 of the POA instrument, Dr. Sutton, in her capacity as attorney-in-fact for Hartwell Lanier King, Sr. was authorized to contract on behalf of Mr. King with respect to any property owned by Mr. King in terms of his care and upkeep, including the employment of nurses, physicians or any other personnel whose services should be needed for Mr. King's continuing care and upkeep. Exhibit 2.

21. Per Section 9 of the POA instrument, Dr. Sutton, in her capacity as attorney-in-fact was also authorized to contract on behalf of Mr. King with respect to Mr. King's continuing care, maintenance, and treatment at any hospital, nursing home or institution whose services were needed, as deemed in Dr. Sutton's sole opinion.

22. By failing to provide prompt emergency transportation to a local medical facility, Mr. King suffered through the evening on Saturday, October 3, 2020, with rapidly declining vitals and an elevated fever.

23. On Sunday, October 4, 2020, at approximately 10:30 a.m., Rockingham County

EMS was summoned once again to Mr. King's residence at the urgency of Dr. Sutton upon discovering Mr. King unresponsive in his bed with faint to little pulse.

24. A newly assigned EMS unit (BUYNA and SHELTON) arrived that morning in efforts to revive Mr. King after forty-five (45) minutes of cardiopulmonary resuscitation (CPR).

25. Mr. King, unconscious at the time, was then transported to Cone Emergency room and pronounced dead upon arrival at approximately 11:26 a.m. due to cardiac arrest by the attending emergency room physician, Dr. Joseph Zammit, of Annie Penn Hospital located in Reidsville, NC.

26. At all times, the Rockingham County EMS unit dispatched on Saturday, October 3, 2020 had enough information to discern that Mr. King was suffering from an emergency medical condition requiring immediate medical attention. However, at no point did the Rockingham County EMS unit (CARTER, HIGGINS, and WALL) dispatched on Saturday, October 3, 2020 attempt to transfer or render lifesaving emergency medical aid to Mr. King at the request of Dr. Sutton.

27. At all times, Dr. Sutton, attorney-in-fact for Mr. King, was authorized to coordinate and contract for Mr. King's medical care on Saturday, October 3, 2020, yet Rockingham County EMS personnel (CARTER, HIGGINS, and WALL) negligently refused to provide emergency transportation or lifesaving services in response to Mr. King's distressed respiratory condition.

28. The conduct of the Rockingham County EMS unit (CARTER, HIGGINS, and

7

Case 1:21-cv-00095-LCB-JLW   Document 1   Filed 02/03/21   Page 7 of 15

WALL) dispatched on October 3, 2020 was clear evidence this EMS unit did not perform in a manner consistent with the education, licensure, or approved medical control authority protocols in violation of 10A NCAC 13P.1507 of the North Carolina Administrative Code.

29. As a direct and proximate result of the wrongful acts and omissions of the Rockingham County EMS unit (CARTER, HIGGINS, and WALL) and Rockingham County sheriff's deputy (UNNAMED DEFENDANT), Mr. King's life expired prematurely with his family suffering substantial harm and severe emotional distress.

## COUNT I
## VIOLATION OF CIVIL RIGHTS PURSUANT TO THE 14TH AMENDMENT TO THE CONSTITUTION AND 42 U.S.C. §1983, 1988 – DEFENDANTS, CARTER, HIGGINS, WALL, and (UNNAMED DEFENDANT)

30. As a citizen of Rockingham County, North Carolina, Mr. King was entitled to all rights, privileges, and immunities afforded to all citizens of the State of North Carolina and of the United States, in violation of the 14th Amendment to the United States and North Carolina State Constitution.

31. At all times relevant hereto, Mr. King had a right to adequate and sufficient medical care and/or treatment such that his life would be preserved and that he would be free from needless unjustified and preventable pain, suffering, and deteriorating health and well-being at all times.

32. At all times relevant hereto, Dr. Sutton, attorney in fact for the decedent, Mr. King,

was afforded specific contractual rights and authority by means of a power-of-attorney instrument to coordinate and contract for Mr. King's medical care and/or treatment during his life.

33. The acts and omissions by Rockingham County through the EMS unit (CARTER, HIGGINS, and WALL) and Rockingham County sheriff's deputy (UNNAMED DEFENDANT), under the 14th Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of state law, objectively unreasonable, knowingly, deliberately and indifferently to Mr. King's wellbeing and serious medical needs and in reckless disregard to Mr. King's safety.

34. The Rockingham County EMS unit (CARTER, HIGGINS, and WALL) and Rockingham County sheriff's deputy (UNNAMED DEFENDANT) dispatched on Saturday, October 3, 2020, were acting under the color of state law when they deprived Dr. Sutton of her authority and discretion to contract on behalf of Mr. King in times of emergency regarding Mr. King's medical care, health, and well-being, and as such, Dr. Sutton and Mr. King were deprived of established rights, privileges, and immunities by the actions of the Defendants in violation of the 14th Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

35. The Rockingham County EMS unit (CARTER, HIGGINS, and WALL) assigned on October 3, 2020 exhibited deliberate indifference, pursuant to the Fourteenth Amendment to the United States Constitution, to the serious medical nature and needs of Mr. King by:

a. Deliberately ignoring Mr. King's obvious and serious medical needs;

b. Failing to render proper medical attention to Mr. King whose dire condition necessitated the same;

c. Failing to provide intravenous fluid to Mr. King due to dehydration and his known history of electrolyte imbalance;

d. Deliberately ignoring and failing to monitor Mr. King's cardiac arrhythmia and distressed respiration;

e. Failing to supply proper medical attention after being notified and observing Mr. King's incapacitated state;

f. Failing to transfer Mr. King to an emergency room facility for treatment, monitoring, observation, and supportive measures;

g. Displaying conduct so reckless that it demonstrates a substantial lack of concern for whether any injury would result;

h. Wrongfully causing Plaintiffs to suffer extreme emotional distress;

i. Recklessly, or otherwise improperly denying, or delaying access to medical care for a quadriplegic individual suffering from a serious medical condition;

and

j. Any and all other breaches that may become known throughout the course of this litigation.

36. As the above-described conduct of Defendants, CARTER, HIGGINS, WALL, and UNNAMED DEFENDANT, as specifically set forth above, was the proximate cause of Mr. King's untimely demise and the Plaintiffs' damages, Defendants, CARTER, HIGGINS, WALL, and UNNAMED DEFENDANT, are not entitled to governmental or qualified immunity.

WHEREFORE, Plaintiffs, JUSTIN L. SUTTON, as Personal Representative of The Estate of Hartwell Lanier King, Sr., and BETTY K. SUTTON, Individually, respectfully request that this Honorable Court enter judgment in Plaintiffs' favor and against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest, costs and attorney fees, as well as punitive and/or exemplary damages.

## COUNT II
## 42 U.S.C. § 1983 – MONELL LIABILITY
## ROCKINGHAM COUNTY

37. Plaintiffs hereby restate and re-allege each and every allegation contained in the above paragraphs as if fully set forth herein.

38. The named and unnamed Defendants employed by Rockingham County are not entitled to governmental or qualified immunity as at all times relevant, Defendant, ROCKINGHAM COUNTY, failed to properly train, discipline, and supervise its

law enforcement personnel (UNNAMED DEFENDANT), emergency medical technicians, and paramedics (CARTER, HIGGINS, and WALL), promulgating and maintaining de facto unconstitutional customs, policies, or practices rendering them liable for the constitutional violations alleged herein under *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658 (1978).

39. At all times relevant, Defendant, ROCKINGHAM COUNTY, knew or should have known that the policies, procedures, training, and supervision of its EMS employees (CARTER, HIGGINS, and WALL) and sheriff's deputy (UNNAMED DEFENDANT), were inadequate for the tasks that each Rockingham County employee defendant was required to perform.

40. At all times relevant, Defendant, ROCKINGHAM COUNTY, through its Department of Emergency Services failed to establish, implement, or execute its policies, procedures, rules and regulations to ensure individuals, such as Mr. King received prompt and adequate emergency services.

41. At all times relevant, named and unnamed defendants employed by the Rockingham County Department of Emergency Services and Rockingham County Sheriff's Office acted with deliberate indifference to the serious medical needs of citizens of the community, specifically Mr. King, by refusing to provide prompt and competent access to medical treatment, evaluation, care, and intervention.

42. At all times relevant, Defendant, ROCKINGHAM COUNTY, implicitly authorized, approved, or knowingly acquiesced in the deliberate indifference to the

serious medical needs of citizens, and knew or should have known that such treatment would deprive citizens, such as Mr. King of their constitutional rights.

43. At all times relevant, Defendant, ROCKINGHAM COUNTY, knew that its policies, procedures, customs, propensity and patterns of allowing law enforcement personnel, paramedics and/or EMT's to avoid taking someone with a serious medical condition to the emergency room would deprive citizens of urgent and lifesaving medical treatment, such as Mr. King.

44. By inadequately training and/or supervising its paramedics, law enforcement personnel, and EMS staff, Defendant, ROCKINGHAM COUNTY, encouraged and cultivated the conduct which violated Mr. King's rights under the Fourteenth Amendments of the United States Constitution.

45. The conduct of the Rockingham County employees, as specifically set forth above, was the proximate cause of Mr. King's death and the damages sought by Plaintiffs. Therefore, the named and unnamed Defendants are not entitled to governmental or qualified immunity.

46. Plaintiffs seek all remedies and special damages recoverable under N.C. Gen. Stat. §28A-18-2(b) together with interest, costs, and punitive and/or exemplary damages recoverable for death by the negligent and wrongful acts and conduct of ROCKINGHAM COUNTY, Rockingham County EMS personnel (CARTER, HIGGINS, and WALL), and Rockingham County sheriff's deputy (UNNAMED DEFENDANT), individually, as set forth above, including, but not limited to the

following:

    i.    Conscious pain and suffering of Mr. King;

    ii.    Fright, shock, and terror;

    iii.    Humiliation and mortification;

    iv.    Mental anguish;

    v.    Exemplary, compensatory, and punitive damages allowed under North Carolina and federal law;

    vi.    Attorney fees and costs pursuant to 42 USC § 1988;

    vii.    Mr. King's expenses for care, treatment and hospitalization incident to the injury resulting in his death;

    viii.    Mr. King's funeral expenses;

    ix.    The present monetary value, services, protection, care, society, companionship, comfort, guidance, kindly offices, and advice of the decedent to the persons entitled to receive the damages recovered; and

    x.    Any and all other damages otherwise recoverable under federal and North Carolina state law.

WHEREFORE, Plaintiffs, JUSTIN L. SUTTON, as Personal Representative of The Estate of Hartwell Lanier King, Sr., and BETTY K. SUTTON, Individually, respectfully request that this Honorable Court enter judgment in Plaintiffs' favor and against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest, costs and attorney fees, as well as punitive and/or exemplary damages.

## DEMAND FOR TRIAL BY JURY

NOW COME Plaintiffs, JUSTIN L. SUTTON, as Personal Representative of The Estate of Hartwell Lanier King, Sr., and BETTY K. SUTTON, Individually, by and through, JUSTIN L. SUTTON, ATTORNEY AT LAW, hereby demand a trial by jury in the above-captioned matter.

Respectfully submitted,

By: */s/ Justin L. Sutton*
JUSTIN L. SUTTON, ESQ. (N.C. BAR # 48100)
Justin L. Sutton, Attorney at Law
Attorney for Plaintiffs
2949 New Bern Ave., Ste. 110B
Raleigh, NC 27610
Tel: (919) 324-1642
Fax:(919) 926-1050
E-mail: justin@jlsuttonlaw.com

Dated: February 3, 2021